Teresa H. Michaud (State Bar No. 296329)
teresa.michaud@bakermckenzie.com
**BAKER & McKENZIE LLP**
10250 Constellation Blvd., Suite 1850
Los Angeles, CA 90067
Telephone: 310.201.4728
Facsimile: 310.201.4721

Alexander G. Davis (State Bar No. 287840)
alexander.davis@bakermckenzie.com
**BAKER & McKENZIE LLP**
600 Hansen Way
Palo Alto, CA 94304
Telephone: 650.856.2400
Facsimile: 650 856 9299

Attorneys for Defendants
ROSETTA STONE INC.,
ROSETTA STONE LTD., and
ROSETTA STONE INTERNATIONAL INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| NADIA LOTUN, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ROSETTA STONE, INC.; ROSETTA STONE LTD.; ROSETTA STONE INTERNATIONAL, INC.; CAMBIAN LEARNING GROUP, INC.; VERITAS CAPITAL FUND MANAGEMENT, LLC; and DOES-1-10, inclusive,<br><br>Defendants. | Case No. _____<br><br>**DEFENDANTS' NOTICE OF REMOVAL OF ACTION FROM STATE COURT**<br><br>[28 U.S.C. §§ 1332, 1441 (Diversity), 1446 and Fed. R. Civ. P. 81(c)]<br><br>**Removal Action Filed: December 29, 2020**<br><br>*State Court Action filed in the California Superior Court, County of Orange Case on September 24, 2020*<br>*Case No.:*<br>*30-2020-01161980-CU-AT-CXC* |

Baker & McKenzie LLP
10250 Constellation Blvd.
Suite 1850
Los Angeles CA 90067
Tel.: 310 201 4728

Case No. _____
DEFENDANTS' NOTICE OF REMOVAL OF ACTION

**TO THE CLERK OF THE ABOVE-TITLED COURT AND TO PLAINTIFF AND HER COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and Fed. R. Civ. P. 81(c), Defendants Rosetta Stone Inc., Rosetta Stone Ltd., and Rosetta Stone International Inc. ("Defendants") hereby file their Notice of Removal to the United States District Court for the Central District of California the above-captioned state court action, originally filed as Case No. 30-2020-01161980-CU-AT-CXC in the Superior Court of the State of California for the County of Orange.

As set forth below, removal is proper pursuant to 28 U.S.C. § 1441(a) because this is a civil action and this Court has original jurisdiction under 28 U.S.C. § 1332 since the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is an action between citizens of different States.

## I.   TIMELINESS OF REMOVAL

1. Plaintiff Nadia Lotun ("Lotun" and/or "Plaintiff") filed a Class-Action Complaint in the Superior Court of the State of California for the County of Orange, Case No. 30-2020-01161980-CU-AT-CXC on September 24, 2020 (the "Complaint").

2. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Summons, Complaint, Civil Cover Sheet, three Notices and Acknowledgements of Receipt of Defendants, the Minute Order re Case Management Conference with Certificate of Service, the Notice of Status Conference and E-filing Requirement, the First Amended Complaint and the Court Register of Actions are attached as **Exhibits 1 through 9 and 11** to the accompanying Declaration of Teresa H. Michaud ("Michaud Decl."), filed concurrently herewith.

3. On October 16, 2020, Plaintiff sent Defendants the Summons and Complaint, along with Notices and Acknowledgments of Receipt. Defendants returned the signed Notices and Acknowledgments of Receipt on November 5, 2020. Michaud Decl. ¶ , **Exhibits  5 - 7**.

4. The basis for removal set forth below in this Notice of Removal was not

Baker & McKenzie LLP
10250 Constellation Blvd.
Suite 1850
Los Angeles CA 90067
Tel.: 310 201 4728

1

Case No.  30-2020-01161980-CU-AT-CXC
STIPULATION TO EXTEND TIME TO RESPOND

apparent from the face of the original Complaint.

5. Prior to Defendants' deadline to respond to the Complaint, on November 24, 2020, Plaintiff filed her First Amended Class Action Complaint ("FAC"), and served it on Defendants via electronic service. Although Defendants had not consented to electronic service, assuming solely for purposes of this Removal that such service were effective, Defendants' present deadline to file a responsive pleading to Plaintiff's First Amended Complaint, as well as to file this Notice of Removal, would be December 29, 2020. *See* Cal. Code. Civ. Proc. §§ 471.5(a), 1010.6(a)(4)(B).

6. The First Amended Complaint asserts a cause of action under the California Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750 *et seq.*, which was not included in the original Complaint. The inclusion of this additional claim has provided the valid basis for removal by creating an amount in controversy in excess of $75,000, exclusive of interests and costs, as set forth in more detail below.

7. Defendants timely filed this Notice of Removal on December 29, 2020, within 30 days after purported electronic service of the First Amended Complaint. *See* 28 U.S.C. § 1446(b). As explained below, Defendants' Notice of Removal is procedurally proper.

## II.   GROUNDS FOR REMOVAL

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and this is a civil action between citizens of different States.

**A.   Plaintiff and Defendants Are Citizens of Different States**

9. Plaintiff is a natural person who is a citizen of the state of California, County of Orange. (FAC ¶ 20.)

10. As set forth below, none of the defendants is a citizen of California, which is also the state in which this action is pending.

Baker & McKenzie LLP
10250 Constellation Blvd.
Suite 1850
Los Angeles CA 90067
Tel.: 310 201 4718

2

Case No. _____
DEFENDANTS' NOTICE OF REMOVAL OF ACTION

11. For purposes of diversity jurisdiction, the citizenship of a corporation is its state of incorporation and the state where it has its principal place of business. *3123 SMB LLC v. Horn*, 880 F.3d 461, 463 (9th Cir. 2018) (citing 28 U.S.C. § 1332(c)(1)).

12. Defendant Rosetta Stone Inc. (erroneously sued as "Rosetta Stone, Inc.") is incorporated in Delaware. Its principal place of business is 1621 North Kent Street, Suite 1200, Arlington, Virginia 22209. Defendant Rosetta Stone Inc. is therefore a citizen of Delaware and Virginia.

13. Defendant Rosetta Stone International Inc. ("Rosetta Stone International") (erroneously sued as "Rosetta Stone International, Inc.") is incorporated in Delaware. Its principal place of business is 1621 North Kent Street, Suite 1200, Arlington, Virginia 22209. Defendant Rosetta Stone International Inc. is therefore a citizen of Delaware and Virginia.

14. Defendant Rosetta Stone Ltd. ("Rosetta Stone Ltd.") is a stock corporation incorporated in Virginia. Its principal place of business is 135 West Market Street, Harrisonburg, Virginia 22801. Defendant Rosetta Stone Ltd. is therefore a citizen of Virginia.

15. Defendant Cambium Learning Group, Inc. erroneously sued as "Cambian Learning Group, Inc.," ("Cambium") is incorporated in Delaware. Its principal place of business is 17855 Dallas Parkway, Suite 400, Dallas, Texas 75287. Defendant Cambium is therefore a citizen of Delaware and Texas.

16. For purposes of diversity jurisdiction, the citizenship of a limited liability company (LLC) is the citizenship of its members. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). "[T]o properly plead diversity jurisdiction with respect to a limited liability company, the citizenship of all members must be pled." *Schweiss v. Greenway Health, LLC*, 2019 U.S. Dist. LEXIS 90066, at *4 (C.D. Cal. May 29, 2019) (citing *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606 (9th Cir. 2016)).

Baker & McKenzie LLP
10250 Constellation Blvd.
Suite 1850
Los Angeles CA 90067
Tel.: 310 201 4728

3

Case No. _____
DEFENDANTS' NOTICE OF REMOVAL OF ACTION

17. Defendant Veritas Capital Fund Management, L.L.C. ("Veritas Capital") is a limited liability company organized under the laws of the state of Delaware with its headquarters located at 9 West 57th Street, 32nd Floor, New York, New York 10019. Plaintiff does not allege that Veritas Capital has any members who are citizens of California. (*See* FAC ¶ 25.)

18. Veritas Capital has one member, Veritas Manager Holdings, L.P., a Delaware limited partnership with its headquarters located at 9 West 57th Street, 32nd Floor, New York, New York 10019. (Michaud Decl. ¶ 7.) None of the limited partners of Veritas Manager Holdings, L.P. is a citizen of the state of California. (*Id.*) Therefore, no member of Veritas Capital is a citizen of the state of California and Veritas Capital is not a citizen of the state of California.

19. The Court may also disregard the citizenship of unserved defendant Veritas Capital for purposes of removal under the doctrine of fraudulent joinder. The FAC contains no specific allegations of any wrongdoing against Veritas. It instead contains a single legal conclusion that Veritas Capital may bear "successor liability" as an "agent" to Cambium. (*See* FAC ¶ 26.) There is no possibility that this single legal conclusion, standing alone, could give rise to liability under any of the three state law causes of action asserted in the FAC. *See Gutierrez v. Whitley*, No. 2:20-cv-08542-JWH-AFMx, 2020 U.S. Dist. LEXIS 226130, at *7 (C.D. Cal. Dec. 2, 2020) ("[T]he [fraudulent joinder] standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a possibility that they may do so.").

20. Defendants Cambium and Veritas Capital have not been served in this action. Neither party need therefore provide consent to this Notice of Removal. *See* 28 U.S.C. § 1446(b)(2)(A) (providing that only those "defendants who have been properly joined *and served* must join in or consent to the removal of the action") (emphasis added); *accord Destfino v. Reiswig*, 630 F.3d 952, 957 (9th Cir. 2011).

21. Thus, Plaintiff on the one hand, and the Rosetta Stone Defendants, along

Baker & McKenzie LLP
10250 Constellation Blvd.
Suite 1850
Los Angeles CA 90067
Tel.: 310 201 4728

4

Case No. _____
DEFENDANTS' NOTICE OF REMOVAL OF ACTION

with the other two Defendants Cambium and Veritas Capital, on the other hand, are citizens of different States pursuant to 28 U.S.C. § 1332(a)(1).

**B.     The Citizenship of Doe Defendants Is Irrelevant For Removal**

22.     The citizenship of Defendants DOES 1-10 is disregarded. *See* 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removal on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.").

**C.     The Amount In Controversy Exceeds $75,000**

23.     A sum demanded by the plaintiff "in the initial pleading shall be deemed the amount in controversy" for removal on the basis of 28 U.S.C. § 1332(a), 28 U.S.C. § 1446(c)(2).

24.     The First Amended Complaint alleges that Plaintiff suffered emotional distress, frustration, anxiety, as well as monetary injury in the amount of her initial purchase of a product described as "Rosetta Stone® "Learn Spanish: Rosetta Stone Bonus Pack (24 month subscription + Lifetime Down [sic] [of the software] + Book Set), which she allegedly purchased for $145.46. (FAC ¶¶ 31-32, 37.)

25.     Plaintiff asserts a claim under the California Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750 *et seq.* ("CLRA"). Plaintiff specifically demands recovery of "[a]ll reasonable and necessary attorneys' fees and costs provided by statute . . ." (FAC ¶ 105(g).) "[A] court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018).

26.     Although Defendants dispute the merits of Plaintiff's claims, if Plaintiff prevails on her CLRA claim, she may recover her attorneys' fees. Cal. Civ. Code § 1780(e). Attorneys' fees are therefore "'at stake' in the litigation." *In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prods. Liab. Litig.*, No. 2672 CRB (JSC), 2019 U.S. Dist. LEXIS 26277, at *335 (N.D. Cal. Feb. 19, 2019)

Baker & McKenzie LLP
10250 Constellation Blvd.
Suite 1850
Los Angeles CA 90067
Tel.: 310 201 4728

5

Case No. _____
DEFENDANTS' NOTICE OF REMOVAL OF ACTION

(considering future attorneys' fees demanded by plaintiffs for CLRA claims for purposes of determining amount in controversy).

27. Assuming a very conservative hourly rate of $300 per hour, Plaintiff's counsel will incur more than 251 hours to oppose one or more motions to dismiss, conduct discovery, defend against summary judgment, prepare for and go to trial, and obtain a jury verdict on her CLRA claim on an individual basis. As a result, the minimum amount in controversy exceeds the jurisdictional amount of $75,000, exclusive of interest and costs. Thus, the alleged amount in controversy requirement is met under 28 U.S.C. § 1332(a).

**D.  Jury Demand by Plaintiff**

28. Plaintiff has made a Jury Demand in the First Amended Complaint filed with the Orange County Superior Court.

### III.  PROCEDURAL PREREQUISITES SATISFIED

29. Venue is proper in the United States District Court for the Central District of California, Southern Division, under 28 U.S.C. §§ 1441(a), 1446(a) because this District Court and Division embraces the place in which the removed action has been pending, that is, the Orange County Superior Court.

30. As is required by 28 U.S.C. § 1446(a), true and correct copies of all the process, pleadings and orders served upon Defendants are hereby attached as follows:

   a) **Exhibit 1 –** Summons;
   b) **Exhibit 2 -** Complaint;
   c) **Exhibit 3 -** Case Cover Sheet
   d) **Exhibit 4 -** Minute Order re Case Management Conference with Certificate of Service
   e) **Exhibit 5 -** Notice and Acknowledgment of Receipt for Defendant Rosetta Stone International Inc.
   f) **Exhibit 6 -** Notice and Acknowledgment of Receipt for Defendant Rosetta Stone Ltd.

Baker & McKenzie LLP
10250 Constellation Blvd.
Suite 1850
Los Angeles CA 90067
Tel.: 310 201 4728

6

Case No. _____
DEFENDANTS' NOTICE OF REMOVAL OF ACTION

g) **Exhibit 7** - Notice and Acknowledgment of Receipt for Defendant Rosetta Stone Inc.

h) **Exhibit 8** - Notice of Status Conference and E-Filing Requirement

i) **Exhibit 9** - First Amended Class Action Complaint

14. Defendants will promptly serve Plaintiff with this Notice of Removal and will promptly file a copy of this Notice of Removal with the clerk of the Superior Court, as required under 28 U.S.C. § 1446(d).

## IV.   CONCLUSION

**WHEREFORE**, Defendants respectfully request that this action be removed from the Superior Court of the State of California in and for the County of Orange to the United States District Court for the Central District of California, and that all future proceedings in this matter take place in the United States District Court for the Central District of California.

Dated: December 29, 2020                    **BAKER & McKENZIE LLP**

By:  /s/ *Teresa H. Michaud*
Teresa H. Michaud
Attorneys for Defendants
ROSETTA STONE INC.,
ROSETTA STONE LTD., and
ROSETTA STONE INTERNATIONAL INC.

Baker & McKenzie LLP
10250 Constellation Blvd.
Suite 1850
Los Angeles CA 90067
Tel.: 310 201 4728

7

Case No.
DEFENDANTS' NOTICE OF REMOVAL OF ACTION