# EXHIBIT 2

Case 8:20-cv-02430-CJC-KES Document 1-3 Filed 12/29/20 Page 2 of 20 Page ID #:15
Electronically Filed by Superior Court of California, County of Orange, 09/29/2020 03:49:00 PM.
30-2020-01161980-CU-AT-CXC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By Georgina Ramirez, Deputy Clerk.

James H. Bartolomei III (SBN 301678)
Of Counsel at Duncan Firm, P.A.
809 W. 3rd Street
Little Rock, Arkansas 72201
Telephone: 501.228.7600
Facsimile: 501.228.0415
james@duncanfirm.com

*Attorneys for Plaintiff, and all others similarly situated*

# SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF ORANGE

| | |
|---|---|
| NADIA LOTUN, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ROSETTA STONE, INC.;<br>ROSETTA STONE LTD.;<br>ROSETTA STONE INTERNATIONAL, INC.;<br>CAMBIAN LEARNING GROUP, INC.;<br>VERITAS CAPITAL MANAGEMENT, INC.;<br>and DOES 1-10, inclusive,<br><br>Defendants. | CASE No. 30-2020-01161980-CU-AT-CXC<br><br>Assigned for All Purposes<br>Honorable Judge Randall J. Sherman<br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded**<br><br>CX-105 |

CLASS ACTION COMPLAINT

Plaintiff Nadia Lotun ("Plaintiff"), individually and on behalf of all other members of the public similarly situated, allege as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this class action Complaint against the Rosetta Stone Defendants (hereinafter collectively "Rosetta Stone Defendants" or "Defendants") to stop Defendants' practice of falsely advertising Defendants' foreign language software course package and to obtain redress for a class of California consumers ("Class Members") who paid for a Rosetta Stone product, within the applicable statute of limitations period, as a result of Defendants' false and misleading advertisements. Plaintiff suffered economic harm and injury directly and immediately as a result of her reliance on Defendants' false and misleading advertisements and paid money to Defendants as a result of her direct reliance. Plaintiff is a consumer and member of the class of individuals for which the State of California has statutes designed to protect consumers from false and misleading advertisements for consumer products.

2. Defendant Rosetta Stone, Inc. is a Virginia company duly existing and doing business in the state of California and is engaged in the sale and distribution of Rosetta Stone® foreign language software online courses to California consumers. Rosetta Stone is publicly traded on the New York Stock Exchange under the symbol "RST."

3. At all relevant times, Rosetta Stone Defendants represented, advertised and promoted to consumers that consumers who purchased foreign language software courses in a boxed package at a set price fixed by Rosetta Stone were granted a "lifetime download" of the software, a limited online subscription and supporting reference materials. Defendants misrepresented and falsely advertised to Plaintiff, and other similarly situated consumers, these qualities and characteristics of Defendants' foreign language software package (hereinafter "Class Products").

4. Plaintiff, and others similarly situated, purchased or attempted to purchase these Class Products, and experienced and suffered harm, for which they seek class-wide relief.

5. Defendants' misrepresentations to Plaintiff, and others similarly situated, caused

them to purchase or attempt to purchase these Class Products, which Plaintiff, and others similarly situated, would not have purchased or attempted to purchase absent these misrepresentations by Defendants, including but not limited to advertisements on the Class Products' containers and statements from Defendants' employees, agents, owners, and/or managers. In so doing, Defendants have violated California consumer protection statutes, including the Unfair Competition Law and False Advertising Law.

## NATURE OF THE CASE & COMMON ALLEGATIONS OF FACT

6. Consumers purchased foreign language software advertised with certain product capabilities, and consumers could not determine what product the consumer was actually purchasing, as opposed to products without the advertised characteristics.

7. Consumers relied on the representations and advertisements of foreign language software vendors, such as Rosetta Stone, in order to know which foreign language software vendor to purchase products from and the capabilities of the software package purchased. The representations of the type of product is important for all consumers' purchase(s), including the type of software product the consumer can access when downloaded, according to the Defendant's representations and advertising.

8. Defendants are engaged in the manufacture, marketing, supplying, and distribution of foreign language software that are accompanied by deceptive advertising practices that are not disclosed or are misrepresented on the face of Defendants' packaging.

9. When consumers purchase Defendants' foreign language software, they reasonably believe that they will be obtaining a "**lifetime software download**" that is "**YOURS TO KEEP FOREVER**" of foreign language software products, with the advertised product at the advertised price from the source advertised at the time they purchase and consume the Class Products.



10. Defendants profit from the sale of Class Products. With deceptive advertising practices, many of the consumers would not have purchased or attempted to purchase these Class Products or would have chosen to purchase foreign language software courses from a competitor or chosen a lesser priced product.

11. In Plaintiff's case, the advertising practices that Defendants engaged in and created as a scheme and device were wholly deceptive and false. Defendants actively promoted, advertised, and represented to consumers a "lifetime software download" of foreign language course(s) such as Spanish when Defendants knew that they never intended to honor a lifetime software download commitment. Defendants actively concealed, suppressed, and omitted material facts about its foreign language online software package from consumers to entice

consumers to purchase the product at a set price so that Defendants could immediately obtain money paid by each consumer for the package.

12. This false advertising and merchandizing scheme and devise were created by Defendants to maximize income and sales from foreign language software packages to Defendants without providing the product as advertised and represented to consumers. In short, Defendants did not provide the foreign language software download (for Macs and/or PCs) course to consumers as advertised and represented. This failure to provide the foreign language software downloadable course to consumers in exchange for consumers paying Defendants was part of a false, fraudulent scheme and device, premised on false representations of material fact and false advertising, specifically designed and created to prompt and entice consumers to purchase and order the software package, although the falseness was hidden and concealed from the consumers. Defendants concealed the fact that its software products did not function as advertised and that the foreign language software product was not available to download, all in order to deceive consumers into purchasing Defendants' products and paying the stated price.

13. Defendants did not present consumers with either correctly advertised packaging or the online advertisement prior to purchase, in order to conceal the Defendants' affirmative deception that is at issue in this case.

14. Defendants make written representations to consumers which contradict the actual characteristics of the Class Products. This written advertisement and representation was designed to induce payment of money to the detriment and harm of the consumer.

15. The aforementioned written and oral representations are objectively false and constitute false advertising under California's False Advertising Laws, Bus. & Prof. Code §§ 17500 *et seq.* (hereafter "FAL"), and unlawful, unfair, or deceptive business practices under California's Unfair Competition Laws, Bus. & Prof. Code §§ 17200 *et seq.*

16. Defendants' violations of the law include, but are not limited to, the false advertising, marketing, representations, packaging, and sale of the falsely advertised Class Products to consumers in California.

17. On behalf of the class, Plaintiff seeks an injunction requiring Defendants to cease advertising and selling the Class Products in a manner that is deceptive, to disclose the actual limitations on the product, including that there is no actual lifetime option to download foreign language software in a conspicuous manner on the face of their packaging and advertising, or prior to the point of sale, and an award of damages to the Class Members, together with costs and reasonable attorneys' fees.

**JURISDICTION AND VENUE**

18. This class action is brought pursuant to California Code of Civil Procedure § 382. All claims in this matter arise exclusively under California law. This Court has personal jurisdiction over Defendants because Defendants actively, purposefully, and continually conducted business to such an extent within and throughout California as to demonstrate their purposeful availment of the protection and obligations of the laws of the State of California.

19. This matter is properly venued in the Superior Court of California for the County of Orange in that Plaintiff purchased the Class Products in Orange County and Defendants provided the Class Products to Plaintiff in that location.

**THE PARTIES**

20. Plaintiff Nadia Lotun (hereinafter, "Plaintiff") is a citizen and resident of the State of California, County of Orange.

21. Defendant Rosetta Stone, Inc. ("Rosetta Stone") is a Delaware company, existing and doing business pursuant to the laws of California. The principal registered office address for Rosetta Stone Ltd. is 1621 North Kent Street, Suite 1200, Arlington, Virginia 22209, with principal address at 135 West Market Street, Harrisonburg, Virginia 22801.

22. Defendant Rosetta Stone Ltd. ("Rosetta Stone Ltd.") is a Virginia company existing and doing business pursuant to the laws of California. The principal registered office address for Rosetta Stone Ltd. is 1621 North Kent Street, Suite 1200, Arlington, Virginia 22209, with principal address at 135 West Market Street, Harrisonburg, Virginia 22801.

23. Defendant Rosetta Stone International, Inc. ("Rosetta Stone International") is a

Virginia company existing and doing business pursuant to the laws of California. Rosetta Stone International has its principal office address at 4701 Cox Road, Suite 285, Glen Allen, Virginia 23060 with its principal information at 1621 North Kent Street, Suite 1200, Arlington, Virginia 22209.

24. Defendant Cambian Learning Group, Inc. ("Cambian Learning Group") is a Texas company existing and doing business pursuant to the laws of California. Defendant Cambian Learning Group is owned by Veritas Capital Management, II, LLC, an equity firm in New York. The principal address for Cambian Learning Group is 17855 Dallas Parkway, Suite 400, Dallas, Texas 75287.

25. Defendant Veritas Capital Management II, LLC ("Veritas Capital Management") is an equity firm located in New York at 590 Madison Avenue, 41st Floor, New York, New York 10022.

26. Defendant Rosetta Stone has been recently acquired by Defendant Cambian Learning Group. All Defendants herein are referred to collectively as "Rosetta Defendants" or "Defendants."

27. Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, or are attributable to, Defendants and/or their employees, agents, and/or third parties acting on their behalf, each acting as the agent for the other, with legal authority to act on the other's behalf. The acts of any and all of Defendants' employees, agents, owners, managers, and/or third parties acting on their behalf, were in accordance with, and represent, the official policies of Defendants.

28. Plaintiff is informed and believes, and thereon alleges, that said Defendants are in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions of each and all their employees, agents, and/or third parties acting on their behalf, in proximately causing the damages herein alleged.

29. At all relevant times, Defendants ratified each and every act or omission complained of herein. At all relevant times, Defendants aided and abetted the acts and

omissions as alleged herein.

30. The above-named Defendants, and their subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

## FACTUAL ALLEGATIONS

31. On or around November 27, 2018, Plaintiff purchased a Rosetta Stone® "Learn Spanish: Rosetta Stone Bonus Pack (24 month subscription + Lifetime Down [of the software] + Book Set) in the State of California from Defendants for $145.46 on Amazon.com using her Amazon account credit card. Defendants advertised and represented to Plaintiff that their downloadable foreign language software course product was able to be download by the Plaintiff at a set price, which was paid by Plaintiff.

32. As a result of Defendants' representation, Plaintiff purchased Defendants' product over competitors with a better foreign language software course product that could be downloaded and used, and Plaintiff had a reasonable expectation that she could download the software to any PC and/or Mac at any time for at least a lifetime, and that the Rosetta Stone® software was hers to keep forever.

33. However, Defendants' representations were objectively false and misleading in that foreign language software download was not available to consumers after the price was paid by consumers to Defendants, but only available through the online subscription that expired after 24 months, which was admitted by the Defendants in writing to Plaintiff, after Plaintiff had purchased the product.

34. Plaintiff relied on Defendants' representations in purchasing these products, and paid Defendants valuable consideration. Plaintiff relied on the fact that the foreign language

software online course product was produced and sold according to the advertised packaging and would include the characteristics on the packaging. Plaintiff was never informed, in writing, orally, or in any conspicuous manner, that she would be purchasing a foreign language software online product that was not available to download and access after payment.

35. Defendants continued to sell Class Products using the false and deceptive packaging and failed to correct the problem.

36. Plaintiff believes that Defendants will continue their action of tricking customers into purchasing Defendants' products through Defendants' fraudulent advertisements and packaging, unless Defendants' practices are halted by way of an injunction.

37. As a result of Defendants' fraudulent practices, described herein, Plaintiff has suffered emotional distress, frustration, money (the actual value of the cost and the value of a "lifetime download"), wasted time, and anxiety.

38. Defendants' representation, through statements and omissions, concerning their foreign language software product constitutes fraudulent affirmative misrepresentations of material fact that would be important to reasonable consumers when deciding between different foreign language software products from both Defendants and Defendants' competitors.

39. That is, had consumers, including Plaintiff, known that Defendants misrepresent their packaging, advertising, and access to its product, then Plaintiff would never have purchased Defendants' product.

40. Plaintiff alleges on information and belief that Defendants' corporate policy and practice is to materially misrepresent information regarding the use of their products, through said fraudulent omissions and misrepresentations on the packaging, to induce consumers to reasonably rely on the false and deceptive information in order to induce purchase of products from Defendants over law abiding competitors.

41. Defendants have a duty to disclose to a consumer that the consumer cannot download the foreign language software, prior to the time that the consumer agrees to purchase Defendants' products. Defendants have a duty to disclose these material facts, because such

terms would be highly important to a reasonable consumer, because a failure to disclose such terms is intended to falsely and fraudulently induce consumers to purchase a foreign language product at a set price represented as downloadable on the advertising and material on the box of the software product.

42. Upon learning that Defendants were selling products not as advertised, Plaintiff felt ripped off and cheated by Defendants.

43. Such tactics actively engaged in by Defendants to sell software products for profits, rely on falsities and have a tendency to mislead and deceive a reasonable consumer.

44. Defendants expressly represented to Plaintiff, through written statements on the Class Products' packaging, false information about its foreign language software product.

45. Plaintiff alleges that such representations were part of an overarching common scheme and device to mislead consumers and incentivize them to purchase Defendants' products in exchange for a set amount of money from consumers.

46. In purchasing the Class Products, Plaintiff relied upon Defendants' representations.

47. Such representations were clearly false because Defendants knew or should have known the foreign language software could not be downloaded and intended consumers to pay the represented price even though Defendants knew the product would not work and was not available as represented and advertised.

48. Plaintiff would not have purchased the products if she had known that the above-referenced statements made by Defendants were false.

49. Had Defendants properly marketed, advertised, and represented the Class Products, Plaintiff would not have purchased the products.

50. Plaintiff agreed to give her money and patronage to Defendants because of false, material misrepresentations advertised about the foreign language course software. Defendants benefited from falsely advertising the foreign language software course product on the loss to Plaintiff and provided nothing of benefit to Plaintiff in exchange.

51. Had Defendants properly marketed, advertised, and represented the Class Products, no reasonable consumer who purchased or attempted to purchase the products would have believed that the information differed from that on the packaging.

52. Other Rosetta Stone consumers have issued complaints online about similar experiences with Defendants' false and misleading packaging. It is this practice that Plaintiff seeks to end and recover compensation for Class Members.

53. Defendants' conduct is inherently deceptive and misleads the less-sophisticated consumer, as it is plausible that an unsophisticated consumer would believe that the foreign language software was able to be downloaded when consumers paid for the software.

54. Defendants' acts and omissions were intentional and resulted from Defendants' desire to mislead consumers into purchasing their products.

## CLASS ACTION ALLEGATIONS

55. Plaintiff brings this action, on behalf of herself and all others similarly situated, and thus, seeks class certification under California Code of Civil Procedure § 382.

56. The class Plaintiff seeks to represent (the "Class") is defined as follows:

> All consumers in the State of California, who, between the applicable statute of limitations and the present, purchased or attempted to purchase one or more Class Products produced by Defendants that consumers purchased but were unable to download the Class Product(s) onto a computer as advertised by Defendants.

57. As used herein, the term "Class Members" shall mean and refer to the members of the Class described above.

58. Excluded from the Class is Defendants, their affiliates, employees, agents, and attorneys, and the Court.

59. Plaintiff reserves the right to amend the Class, and to add additional subclasses, if discovery and further investigation reveals such action is warranted.

60. Upon information and belief, the proposed class is composed of thousands of persons. The members of the class are so numerous that joinder of all members would be

unfeasible and impractical.

61. No violations alleged in this complaint are contingent on any individualized interaction of any kind between Class members and Defendants.

62. Rather, all claims in this matter arise from the identical, false, affirmative representations of the products, when in fact, such representations were false.

63. There are common questions of law and fact as to the Class Members that predominate over questions affecting only individual members, including but not limited to:

(a) Whether Defendants engaged in unlawful, unfair, or deceptive business practices in selling Class Products to Plaintiff and other Class Members;

(b) Whether Defendants made misrepresentations with respect to the Class Products sold to consumers;

(c) Whether Defendants profited from the sale of the wrongly advertised products;

(d) Whether Defendants violated California Bus. & Prof. Code §§ 17200, *et seq.*, and 17500, *et seq.*;

(e) Whether Plaintiff and Class Members are entitled to equitable and/or injunctive relief;

(f) Whether Defendants' unlawful, unfair, and/or deceptive practices harmed Plaintiff and Class Members; and

(g) The method of calculation and extent of damages for Plaintiff and Class Members.

64. Plaintiff is a member of the Class she seeks to represent.

65. The claims of Plaintiff are not only typical of all Class members, they are identical.

66. All claims of Plaintiff and the Class are based on the exact same legal theories.

67. Plaintiff has no interest antagonistic to, or in conflict with, the Class.

68. Plaintiff is qualified to, and will, fairly and adequately protect the interests of

each Class Member, because Plaintiff bought Class Products from Defendants during the Class Period. Defendants' unlawful, unfair, and/or fraudulent actions concern the same business practices described herein, irrespective of where they occurred or were experienced. Plaintiff's claims are typical of all Class Members, as demonstrated herein.

69. Plaintiff will thoroughly and adequately protect the interests of the Class, having retained qualified and competent legal counsel to represent herself and the Class.

70. Common questions will predominate, and there will be no unusual manageability issues.

## FIRST CAUSE OF ACTION

## Violation of the California False Advertising Act

### (Cal. Bus. & Prof. Code §§ 17500 *et seq.*)

71. Plaintiff incorporates by reference each allegation set forth above.

72. Pursuant to California Business and Professions Code section 17500, *et seq.*, it is unlawful to engage in advertising "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading . . . [or] to so make or disseminate or cause to be so made or disseminated any such statement as part of a plan or scheme with the intent not to sell that personal property or those services, professional or otherwise, so advertised at the price stated therein, or as so advertised."

73. California Business and Professions Code section 17500, *et seq.*'s prohibition against false advertising extends to the use of false or misleading written statements.

74. Defendants misled consumers by making misrepresentations and untrue statements about the Class Products, namely, Defendants advertised Class Products with download capability which the Class Products did not contain, in a deceptive manner, and made false representations to Plaintiff and other putative class members in order to solicit these transactions to obtain profit without providing the advertised capability.

75. Defendants knew that their representations and omissions were untrue and misleading, and deliberately made the aforementioned representations and omissions in order

to deceive reasonable consumers like Plaintiff and other Class Members.

76.     As a direct and proximate result of Defendants' misleading and false advertising, Plaintiff and the other Class Members have suffered injury in fact and have lost money and/or property, time, and attention.  Plaintiff reasonably relied upon Defendants' representations regarding the Class Products. In reasonable reliance on Defendants' false advertisements, Plaintiff and other Class Members purchased the Class Products.  In turn, Plaintiff and other Class Members ended up with products that turned out to be significantly different than advertised, and therefore Plaintiff and other Class Members have suffered injury in fact.

77.     Plaintiff alleges that these false and misleading representations made by Defendants constitute a "scheme with the intent not to sell that personal property or those services, professional or otherwise, so advertised at the price stated therein, or as so advertised."

78.     Defendants advertised to Plaintiff and other putative class members, through written representations and omissions made by Defendants and their agents, that the Class Products would be of a particular quality and with particular characteristics.

79.     Thus, Defendants knowingly sold Class Products to Plaintiff and other putative class members which were not as advertised.

80.     The misleading and false advertising described herein presents a continuing threat to Plaintiff and the Class Members in that Defendants persist and continue to engage in these practices and will not cease doing so unless and until forced to do so by this Court. Defendants' conduct will continue to cause irreparable injury to consumers unless enjoined or restrained.  Plaintiff is entitled to preliminary and permanent injunctive relief ordering Defendants to cease their false advertising, as well as disgorgement and restitution to Plaintiff and all Class Members of Defendants' revenues associated with Defendants false advertising, or such portion of those revenues as the Court may find equitable.

## SECOND CAUSE OF ACTION

## Violation of Unfair Business Practices Act

## (Cal. Bus. & Prof. Code §§ 17200 *et seq*.)

81. Plaintiff incorporates by reference each allegation set forth above.

82. Actions for relief under the unfair competition law may be based on any business act or practice that is within the broad definition of the UCL. Such violations of the UCL occur as a result of unlawful, unfair, or fraudulent business acts and practices. A plaintiff is required to provide evidence of a causal connection between a Defendants' business practices and the alleged harm--that is, evidence that the Defendants' conduct caused or was likely to cause substantial injury. It is insufficient for a Plaintiff to show merely that the Defendants' conduct created a risk of harm. Furthermore, the "act or practice" aspect of the statutory definition of unfair competition covers any single act of misconduct, as well as ongoing misconduct.

## UNFAIR BUSINESS ACTS

83. California Business & Professions Code § 17200 prohibits any "unfair . . . business act or practice." Defendants' acts, omissions, misrepresentations, and practices as alleged herein also constitute "unfair" business acts and practices within the meaning of the UCL in that their conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct. There were reasonably available alternatives to further Defendants' legitimate business interests, other than the conduct described herein. Plaintiff reserves the right to allege further conduct which constitutes other unfair business acts or practices. Such conduct is ongoing and continues to this date.

84. In order to satisfy the "unfair" prong of the UCL, a consumer must show that the injury: (1) is substantial; (2) is not outweighed by any countervailing benefits to consumers or competition; and, (3) is not one that consumers themselves could reasonably have avoided.

85. Here, Defendants' conduct has caused and continues to cause substantial injury to Plaintiff and members of the Class. Plaintiff and members of the Class have suffered injury

in fact due to Defendants' decision to sell them falsely described Class Products. Thus, Defendants' conduct has caused substantial injury to Plaintiff and the members of the Class.

86. Moreover, Defendants' conduct as alleged herein solely benefits Defendants while providing no benefit of any kind to any consumer. Such deception utilized by Defendants convinced Plaintiff and members of the Class that the Class Products contained capabilities which it did not, all in order to induce Plaintiff and members of the Class to spend money on said Class Products. In fact, knowing that the Class Products were different from those advertised, Defendants unfairly profited from their sale. Thus, the injury suffered by Plaintiff and the members of the Class is not outweighed by any countervailing benefits to consumers.

87. Finally, the injury suffered by Plaintiff and members of the Class is not an injury that these consumers could reasonably have avoided. After Defendants falsely represented the Class Products, Plaintiff and class members suffered injury in fact due to Defendants' sale of Class Products to them. Defendants failed to take reasonable steps to inform Plaintiff and class members that the Class Products were not as advertised. As such, Defendants took advantage of Defendants' position of perceived power in order to deceive Plaintiff and the Class members to purchase Class Products with different use and access from what was advertised. Therefore, the injury suffered by Plaintiff and members of the Class is not an injury which these consumers could reasonably have avoided.

88. Thus, Defendants' conduct has violated the "unfair" prong of California Business & Professions Code § 17200.

### FRAUDULENT BUSINESS ACTS

89. California Business & Professions Code § 17200 prohibits any "fraudulent ... business act or practice." In order to prevail under the "fraudulent" prong of the UCL, a consumer must allege that the fraudulent business practice was likely to deceive members of the public.

90. The test for "fraud" as contemplated by California Business and Professions Code § 17200 is whether the public is likely to be deceived. Unlike common law fraud, a §

17200 violation can be established even if no one was actually deceived, relied upon the fraudulent practice, or sustained any damage.

91. Here, not only were Plaintiff and the Class members likely to be deceived, but these consumers were actually deceived by Defendants. Such deception is evidenced by the fact that Plaintiff agreed to purchase Class Products under the basic assumption that the information Defendants placed on the packaging and advertising (**Lifetime Download** and **YOURS TO KEEP FOREVER**) will be accurate and true instead of false and misleading. Plaintiff's reliance upon Defendants' deceptive statements is reasonable due to the unequal bargaining powers of Defendants and Plaintiff. For the same reason, it is likely that Defendants' fraudulent business practice would deceive other members of the public.

92. As explained above, Defendants deceived Plaintiff and other Class Members by representing the Class Products as containing certain characteristics, when in reality they contained significantly different characteristics, and thus falsely represented the Class Products.

93. Thus, Defendants' conduct has violated the "fraudulent" prong of California Business & Professions Code § 17200.

### UNLAWFUL BUSINESS ACTS

94. California Business and Professions Code Section 17200, *et seq.* prohibits "any unlawful…business act or practice."

95. As explained above, Defendants deceived Plaintiff and other Class Members by representing the Class Products as containing significantly different characteristics.

96. Defendants used false advertising, marketing, and misrepresentations to induce Plaintiff and Class Members to purchase the Class Products, in violation of California Business and Professions Code Section 17500, *et seq.* Had Defendants not falsely advertised, marketed or misrepresented the Class Products, Plaintiff and Class Members would not have purchased the Class Products. Defendants' conduct therefore caused and continues to cause economic harm to Plaintiff and Class Members.

97. These representations by Defendants are therefore an "unlawful" business

practice or act under Business and Professions Code Section 17200, *et seq*.

98. Defendants have thus engaged jointly and severally, and in-concert, in unlawful, unfair, and fraudulent business acts entitling Plaintiff and Class Members to judgment and equitable relief against Defendants, as set forth in the Prayer for Relief. Additionally, pursuant to Business and Professions Code section 17203, Plaintiff and Class Members seek an order requiring Defendants to immediately cease such acts of unlawful, unfair, and fraudulent business practices and requiring Defendants to correct their actions.

## MISCELLANEOUS

99. Plaintiff and Class Members allege that they have fully complied with all contractual and other legal obligations and have fully complied with all conditions precedent to bringing this action or that all such obligations or conditions are excused.

## REQUEST FOR JURY TRIAL

100. Plaintiff requests a trial by jury as to all claims so triable.

## PRAYER FOR RELIEF

101. Plaintiff, on behalf of herself and the Class, requests the following relief:

(a) An order certifying the Class and appointing Plaintiff as Representative of the Class;

(b) An order certifying the undersigned counsel as Class Counsel;

(c) An order requiring Defendants, at their own cost, to notify all Class Members of the unlawful and deceptive conduct herein;

(d) An order requiring Defendants to engage in corrective advertising regarding the conduct discussed above;

(e) Actual damages suffered by Plaintiff and Class Members as applicable or full restitution of all funds acquired from Plaintiff and Class Members from the sale of mis-advertised Class Products during the relevant class period;

(f) Punitive damages, as allowable, in an amount determined by the Court or

jury;

(g) All reasonable and necessary attorneys' fees and costs provided by statute, common law, or the Court's inherent power;

(h) Pre- and post-judgment interest; and

(i) All other relief, general or special, legal and equitable, to which Plaintiff and Class Members may be justly entitled as deemed by the Court.

**Dated:** September 24, 2020       Respectfully submitted,

                                      **DUNCAN FIRM, P.A.**

                                      By: _____

                                      James H. Bartolomei, Esq. (CA Bar 301678)
                                      Attorneys for Plaintiff Nadia Lotun